CLERK'S OFFICE USDC PR
RECEIVED AND FILED

February 9, 2024

Civi Case: 3:24-CV-01032: Attempted Murder Twice.

8th Amendment Argument Against La Policia De Puerto Rico.

During congressional consideration of the Cruel and Unusual Punishments Clause one Member objected to "the import of [the words] being too indefinite" and another Member said: "No cruel and unusual punishment is to be inflicted; it is sometimes necessary to hang a man, villains often deserve whipping, and perhaps having their ears cut off; but are we in the future to be prevented from inflicting these punishments because they are cruel? If a more lenient mode of correcting vice and deterring others from the commission of it would be invented, it would be very prudent in the Legislature to adopt it; but until we have some security that this will be done, we ought not to be restrained from making necessary laws by any declaration of this kind." 1 It is clear from some of the complaints about the absence of a bill of rights including a guarantee against cruel and unusual punishments in the ratifying conventions that tortures and barbarous punishments were much on the minds of the complainants,2 but the English history which led to the inclusion of a predecessor provision in the Bill of Rights of 1689 indicates additional concern with arbitrary and disproportionate punishments.3 Though few in number, the decisions of the Supreme Court interpreting this guarantee have applied it in both senses.

Footnotes1

1 Annals of Congress 754 (1789). back

2

E.g., 2 J. Elliot, The Debates in the Several State Conventions on the Adoption of the Constitution 111 (2d ed. 1836); 3 id. at 447–52. back

3

See Granucci, "Nor Cruel and Unusual Punishments Inflicted" : The Original Meaning, 57 Calif. L. Rev. 839 (1969). Disproportionality, in any event, was used by the Court in Weems v. United States, 217 U.S. 349 (1910). It is not clear what, if anything, the word "unusual" adds to the concept of "cruelty" (but see Furman v. Georgia, 408 U.S. 238, 276 n.20 (1972) (Brennan, J., concurring)), although it may have figured in Weems, 217 U.S. at 377, and in Trop v. Dulles, 356 U.S. 86, 100 n.32 (1958) (plurality opinion), and it did figure in Harmelin v. Michigan, 501 U.S. 957, 994–95 (1991) ( "severe, mandatory penalties may be cruel, but they are not unusual in

the constitutional sense, having been employed in various forms throughout our Nation's history").

*[signature]*