UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**RICARDO CRUZ-SERRANO,**

 *Plaintiff,*

**v.**

**THE COMMONWEALTH OF PUERTO RICO,** *et al.,*

 *Defendant.*

Civ. No. 24-01032 (MAJ)

## OPINION AND ORDER

### I. Introduction

On September 5, 2023, Ricardo Cruz-Serrano ("Plaintiff"), appearing pro se, filed the instant action against the Commonwealth of Puerto Rico and various Puerto Rican state entities ("Defendants") in the United States District Court for the Eastern District of Pennsylvania. (**ECF No. 1**). Plaintiff alleges violations of his civil rights under 42 U.S.C. § 1983. *Id.* On January 17, 2024, the case was transferred to the United States District Court for the District of Puerto Rico and the undersigned's docket. (**ECF Nos. 13-15**). On September 4, 2024, the Court ordered Plaintiff to show cause as to why this case should not be dismissed for being time-barred. (**ECF No. 110**). Plaintiff failed to respond to the Court's Order. For the reasons stated hereafter, the Court **DISMISSES** the instant action **WITH PREJUDICE**.

### II. Applicable Law and Analysis

Here, Plaintiff alleges he was attacked by Puerto Rico state police because they "wanted the U.S. Navy and all Navy Veterans out of Puerto Rico." (**ECF No. 1 at 4, 8**). He alleges he was nearly killed twice during this encounter. *Id.* at 4. First, by way of an

attempted drowning, and second, by way of gunshot. *Id*. In addition to the alleged murder attempts, he states he was sexually assaulted by two female police officers, who he maintains also attempted to castrate him. *Id*. Plaintiff alleges these events took place in 2001, and from what the Court can ascertain, is seeking roughly ten million dollars in damages.[1] *Id*. at 4, 8.

As Plaintiff is appearing pro se, his pleadings are to be "liberally construed" and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). In liberally construing Plaintiff's Complaint, the Court discerns he is bringing this action pursuant to 42 U.S.C. § 1983, and thus, the Court has federal question jurisdiction over the instant matter.

Section 1983 establishes "a private right of action for violations of federally protected rights." *Marrero-Gutiérrez v. Molina*, 491 F.3d 1, 5 (1st Cir. 2007). "The Supreme Court has held that section 1983 does not confer substantive rights but provides a venue for vindicating federal rights elsewhere conferred." *Velázquez-Vélez v. Molina-Rodríguez*, 327 F. Supp. 3d 373, 379 (D.P.R. 2018) (citing *Marrero-Sáez v. Municipality of Aibonito*, 668 F.Supp.2d 327, 332 (D.P.R. 2009)). It imposes civil liability on state officials "acting under color of state law." *Elena v. Municipality of San Juan*, 677 F.3d 1, 10 (1st Cir. 2012). Puerto Rico is a state for purposes of section 1983. *Id*. (citing *Deniz v. Municipality of Guaynabo*, 285 F.3d 142, 146 (1s Cir. 2002)). However, Plaintiff does not

---

[1] Plaintiff attaches a letter to his Complaint which indicates the date of the alleged events. (**ECF No. 1 at 8**). The Court may consider "implications from documents attached to or fairly incorporated into the complaint," and does so here. *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012) (internal citations and quotations omitted).

indicate which federally protected rights are implicated in the instant matter. Regardless, to the extent he is asserting claims pursuant to Section 1983, his claims are time-barred.

"To determine the statute of limitations for a § 1983 cause of action, federal courts look to the law of the state in which the cause of action arose. Specifically, courts apply the state's designated limitations period for general personal injury torts[.]" *Ouellette v. Beaupre*, 977 F.3d 127, 135 (1st Cir. 2020) (internal citations and quotations omitted). In Puerto Rico, personal-injury tort actions have a one-year statute of limitations. *Navarro-Colón v. Rodríguez-Mulet*, 582 F. Supp. 3d 5, 12 (D.P.R. 2022) (citing P.R. Laws Ann. tit 31 § 5289(2)). However, federal law governs the date on which the limitations clock begins to run. *Id.* (citing *Wallace v. Kato*, 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007)). Under federal law, the "rule is that the ticking starts when [the plaintiff] knew or had reason to know of the injury on which [their] claim rests." *Martínez-Rivera v. Commonwealth of Puerto Rico*, 812 F.3d 69, 74 (1st Cir. 2016).

Here, as mentioned, the events leading to the instant action took place in 2001. (**ECF No. 1 at 8**). Accordingly, the limitations clock began to run in 2001 when the incident occurred, nearly twenty-three years ago. *Id.* Yet, Plaintiff filed the instant Complaint on September 25, 2023. (**ECF No. 1**). This is well beyond the applicable one-year statute of limitations, and Plaintiff has not proffered any justification that dissuades the Court from affirmatively finding otherwise. Because Plaintiff does not allege any valid ground that would toll the statute of limitations, the Court finds this action must be dismissed.

### III. Conclusion

Accordingly, because the events leading to this cause of action took place more than twenty years ago, Plaintiff's claims are time-barred by the applicable one-year

statute of limitations. *Navarro-Colon*, 582 F. Supp. 3d at 12 (D.P.R. 2022) (citing P.R. Laws Ann. tit 31 § 5289(2)). This case is therefore **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of September, 2024.

                                              **/s/ María Antongiorgi-Jordán**
                                              **MARIA ANTONGIORGI-JORDAN**
                                              **UNITED STATES DISTRICT JUDGE**